UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LATASHA HARVIN et al.,<br>    Plaintiffs,<br><br>    v.<br><br>GREYHOUND LINES, INC,<br>    Defendant. | No. 3:14-cv-00151 (JAM) |

### ORDER OF REMAND TO STATE COURT

This is a motor vehicle accident case removed to federal court based on diversity jurisdiction. In light of the unopposed motion, I remand the case to state court.

### Background

Plaintiffs were passengers on a Greyhound bus traveling from Connecticut to Virginia when the bus driver "fell asleep [and] lost control of the bus," swerving and causing an accident on the highway. (Doc. #1-1 at 4, ¶ 4). Plaintiffs later filed this negligence suit in Connecticut Superior Court, alleging physical injuries as well as other intangible harms. *Id.* at 5–11. Plaintiffs did not quantify their damages other than to file a statutory notice of amount in demand, stating that they sought money damages in excess of $15,000. *Id.* at 12; *see* Conn. Gen. Stat. § 52-91.

Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1441(a), invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. #1). Plaintiffs now move to remand the case, contending that defendant had failed to show—as required for diversity jurisdiction—an amount in controversy of more than $75,000. (Doc. #13 at 2). Along with their motion, plaintiffs' counsel filed a sworn stipulation that the value of each plaintiff's claim was under $75,000 and that each plaintiff was seeking to recover an amount under $75,000. *Id.* at 4.

Defendant responded and, based on plaintiffs' stipulation, declined to object to the motion for remand. (Doc. #16).

Because plaintiffs' state court complaint, in compliance with Connecticut law, alleged only that the amount in demand exceeds $15,000, (Doc. #1-1 at 12); *see* Conn. Gen. Stat. § 52-91; *Southington '84 Assocs. v. Silver Dollar Stores, Inc.*, 237 Conn. 758, 765, 678 A.2d 968 (1996), and because nothing in the record indicates that plaintiffs now seek to defeat pre-existing federal jurisdiction by reducing their damages, the Court accepts plaintiffs' stipulation to clarify the actual amount of damages. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (per curiam); *Luce v. Kohl's Dep't Stores, Inc.*, No. 3:14-CV-00142 JAM, 2014 WL 2169000, at *2 (D. Conn. May 23, 2014); *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159–60 (D. Conn. 2004); *see also Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (dicta noting that "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement"). In light of the stipulation, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## Conclusion

The Court **GRANTS** plaintiffs' motion for remand **(Doc. #13)**.

It is so ordered.

Dated at Bridgeport this 28th day of July 2014.

/s/      Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge